|  |  |
|---|---|
|  | IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA |
| FLORIDA ACQUISITIONS 1986, LLC<br>A Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>POMA GLASS AND SPECIALTY WINDOWS, INC., An Ohio corporation,<br><br>Defendant.<br>_____/ | CASE NO.:<br>DIVISION: |

## COMPLAINT

COMES NOW Plaintiff, Florida Acquisitions 1986, LLC, by and through its undersigned counsel and files this Complaint against Defendant, Poma Glass and Specialty Windows, Inc., and states in support thereof:

1. This is an action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees.

2. Florida Acquisitions 1986, LLC ("Florida Acquisitions") is a dissolved Florida limited liability company that, for all times material hereto, operated and did business in Jacksonville, Duval County Florida.

3. Poma Glass and Specialty Windows, Inc. ("Poma"), is an Ohio Corporation that, for all times material hereto, operated and did business at the subject Property in Jacksonville, Duval County, Florida.

4. Venue is proper in Duval County where the cause of action accrued.

1

## GENERAL ALLEGATIONS

5.      On or about October 22, 1993, Great Valley Associates Limited Partnership and American Flat Glass Distributors ("AFGD") entered into a Lease whereby AGFD agreed to lease the premises at 6600 Suemac Place, Jacksonville, Florida 32205 ("the Property"). **A true and accurate copy of the Lease is attached hereto as Exhibit "A".** The term of the Lease was through December 31, 1998.

6.      The Parties subsequently agreed to extend the Lease through December 31, 2003, then through June 30, 2004, and then through January 1, 2005.[1] At some point during this time, Liberty Property Limited Trust, became the successor in interest to Great Valley Associates Limited Partnership.

7.      On or about December 7, 2004, Florida Acquisitions, as successor in interest to Liberty Property Limited Trust, entered into a Supplemental Agreement with AFGD, which extended the term of the Lease through February 1, 2015. **A true and accurate copy of this Supplemental Agreement is attached hereto as Exhibit "B".**

8.      On or about May 1, 2006, Florida Acquisitions and Poma, as successor in interest to AFGD, entered into a Supplemental Agreement that redefined some of the terms of the Lease and extended the Lease through April 31, 2016. **A true and accurate copy of this Supplemental Agreement is attached hereto as Exhibit "C".** Any terms not redefined by Exhibit "C" remained unchanged from the original Lease attached hereto as Exhibit "A".

9.      Poma continued to lease the Property through the expiration of its lease on April 30, 2016.

---

[1] These extensions are accounted for in Exhibit "B".

10. Upon Poma vacating the Premises, the Parties noted damages for which Poma was responsible for fixing. There was approximately $110,000.00 in damages agreed upon, but despite being in agreement as to Poma's liability to pay for these repairs, Poma refuses to tender payment for same.

11. On April 29, 2016, Florida Acquisitions informed Poma that is was liable for the excessive damage to the flooring pursuant to Section 8(e) of the Lease. This damage is beyond normal wear and tear and due to the manner in which Poma occupied the Property. Poma refuses to tender payment for the damage to the floor.

12. Additionally, Poma is responsible for removing the alterations made and used by it pursuant to Section 13(b) of the Lease. While a tenant at the Property, Poma created additional room to accommodate some of its taller machinery by cutting a 15' x 15' hole in the roof. This required additional column support that thereby reduced the available floor space and traffic patterns. These additional beams prohibit Florida Acquisitions from having the benefit of the full space of the Property and must be removed as well.

13. Despite Poma's contractual obligation to remove the alterations made by it and perform repairs from their removal, Poma refuses to do so. In the meantime, the alterations are causing roof leaks, which is causing ongoing damages to the Property.

14. In all, it is estimated that the amount of damages for which Poma is liable under the Lease is $570,000.00.

## COUNT I – BREACH OF CONTRACT

15. Florida Acquisitions hereby re-alleges and incorporates the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

16. Pursuant to Sections 25 and 8 of the Lease, at the end of the Lease, Poma was responsible for ensuring that the Property was repaired and in the same order and condition in which it was required to be kept throughout the term of the Lease.

17. As stated above, Poma is in agreement as to $110,000.00 in repairs that must be made pursuant to the Lease.

18. Poma has breached the terms of the Lease by refusing to tender payment for these undisputed repairs.

19. Poma has also breached the terms of the Lease by refusing to remove the alterations and/or improvements made by it to accommodate its business and equipment needs.

20. Poma has breached the terms of the Lease by refusing to pay for all damages caused by it through the manner of use and occupancy of the Property.

21. As a result of Poma's breaches, Florida Acquisitions has suffered damages. Florida Acquisitions' ability to lease the Property to a third party has been delayed and will continue to be delayed until such time that repairs can be made.

22. Florida Acquisitions has retained the services of this law firm to represent its interests in this matter and is obligated to pay reasonable attorney's fees.

23. Florida Acquisitions is entitled to receive its reasonable attorney's fees from Poma pursuant to the Lease.

24. All conditions precedent to filing this action have been fulfilled or satisfied or otherwise waived.

WHEREFORE, Florida Acquisitions 1986, LLC, respectfully demands judgment for damages against Poma Glass & Specialty Windows, Inc., for costs and attorney's fees, and for any other and further relief this Court deems appropriate and just.

Respectfully submitted,

**FORD, MILLER & WAINER, P.A.**

*/s/ Alison Blake*
**ALISON BLAKE, ESQUIRE**
Florida Bar No. 0584967
**P. CAMPBELL FORD, ESQUIRE**
Florida Bar No. 0480495
1835 N. Third Street
Jacksonville Beach, Florida 32250
904-390-1970 (telephone)
904-390-3975 (facsimile)
ablake@fordmiller.com
cford@fordmiller.com
serviceFMW@fordmiller.com
Attorneys for Plaintiff